UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YUHE WEMBI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| GIBSON'S RESTAURANT GROUP MANAGEMENT COMPANY LLC, GIBSON'S MANAGEMENT GROUP % STEPHEN J. LOMBARDO III, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

Defendants, RiverPoint, LLC, improperly sued as "Gibson's Restaurant Group Management Company LLC and Gibson's Management Group % [sic] Stephen J. Lombardo" ("Gibsons Italia Italia") and Stephen J. Lombardo III ("Defendants"), by and through their attorneys, hereby give notice of removal of a civil action, Case No. 2020 CH 07316, from the Circuit Court of Cook County, Illinois, to this United States District Court for the Northern District of Illinois ("Notice of Removal"). Removal of this action is proper under 28 U.S.C. §§ 1331, 1441(a), and 1446; 42 U.S.C. § 2000e-5(f)(3); and 9 U.S.C. §§ 2 and 4. In support of their Notice of Removal, Defendants state as follows:

**BACKGROUND FACTS AND PROCEDURAL STATUS**

1. On December 16, 2020, Plaintiff, Yuhe Wembi ("Plaintiff"), filed a civil action against Defendants captioned *Yuhe Wembi v. Gibson's Restaurant Group Management Company LLC and Gibson's Management Group % [sic] Stephen J. Lombardo III*, in the Circuit Court of

Cook County, Illinois. Attached as Exhibit 1 is a copy of the Complaint (the "Complaint")[1], and a copy of the docket is attached as Exhibit 2 (last visited on February 2, 2021).

2. On January 8, 2021, Defendants were served with the Summons and the Complaint. The responsive pleading is due on February 8, 2021. However, after the removal of this action, the responsive pleading will be due on February 9, 2021. Defendants have not yet answered the Complaint, and no other proceedings have occurred in the state court action.

3. The United States District Court for the Northern District of Illinois includes Cook County.

## BASIS FOR REMOVAL AND JURISDICTION

4. This matter is removable based on subject matter jurisdiction under 28 U.S.C. § 1331; 42 U.S.C. § 2000e-5(f)(3); and 9 U.S.C. §§ 2 and 4.

5. Count I of the Complaint asserts claims for race and color discrimination under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. *See* Ex. 1. Therefore, the Court has original subject matter jurisdiction over Plaintiff's Title VII claim. Additionally, pursuant to 28 U.S.C. § 1367(b), the Court may exercise supplemental jurisdiction over Plaintiff's allegation that Defendants violated the Illinois Human Rights Act. *See* Ex. 1 ¶¶ 1, 9.

6. Second, Plaintiff and Gibsons Italia are parties to an Arbitration Agreement that provides race and color discrimination claims must be submitted to arbitration. *See* Exhibit 3. Plaintiff has informed Defendants that he refuses to submit his claim to arbitration as required by the Arbitration Agreement. Therefore, this Court has original subject matter jurisdiction

---

[1] Count I is entitled "Title VII- Race-Color Discrimination." Plaintiff also identifies the Illinois Human Rights Act within Count I rather than assert it as a separate count. This is a substantive issue that need not be addressed at this stage in the proceeding. Defendants reserves the right to address this issue at the appropriate time.

authority to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 2 and 4. Defendant intends to file a motion to compel arbitration.

## THE REMOVAL IS PROCEDURALLY PROPER

7. This Notice of Removal is timely under 28 U.S.C. § 1446(a) because it is filed within thirty (30) days after receipt by Defendants of the Complaint and Summons, which were served upon Defendants on January 8, 2021.

8. Defendants have filed this Notice of Removal with the Circuit Court of Cook County, Illinois under 28 U.S.C. § 1441(a), as Cook County is within the venue of the U.S. District Court for the Northern District of Illinois.

9. Defendants' counsel will serve a written Notice of Filing of the Notice of Removal on Plaintiff's counsel and a written Notice of Removal to the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal.

## RESERVATION OF RIGHTS/DENIAL OF LIABILITY

10. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendants of any fact alleged by Plaintiff, of the validity or merits of any of Plaintiff's allegations, or of any liability for the same, each of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendants' rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved. Further, by filing this Notice of Removal, Defendants do not intend to waive, and hereby reserve, any objection as to service, that any or all of the Defendants are proper parties, that this matter should not be submitted to arbitration pursuant to the Parties' Arbitration Agreement and all other procedural and substantive defenses that are available to them.

WHEREFORE, Defendants, RiverPoint, LLC, improperly sued as "Gibson's Restaurant Group Management Company LLC and Gibson's Management Group % [sic] Stephen J. Lombardo" and Stephen J. Lombardo III, respectfully request that the above-captioned action now pending in the Circuit Court of Cook County, Illinois, be removed to the United States District Court for the Northern District of Illinois.

Dated: February 2, 2021

Respectfully submitted,

GIBSON'S RESTAURANT GROUP
MANAGEMENT COMPANY LLC,
GIBSONS ITALIA' RESTAURANT GROUP
AND STEPHEN J. LOMBARDO III


By: /s/Antonio Caldarone
    One of Their Attorneys

Antonio Caldarone
Laner Muchin, Ltd.
515 N. State Street, Suite 2800
Chicago, Illinois 60654
Phone: (312) 467-9800
acaldarone@lanermuchin.com

4

## CERTIFICATE OF SERVICE

Antonio Caldarone, an attorney, hereby certifies that he caused the foregoing **Notice of Removal to the United States District Court for the Northern District of Illinois** in the above-captioned matter to be served on the parties below, via U.S. mail and e-mail, on this 2nd day of February 2021, addressed to:

> Michael T. Smith
> 10 N. Martingale Road, Suite 400
> Schaumburg, Illinois 60173
> Msmith339950@aol.com
> Attorney for Plaintiff
>
> /s/Antonio Caldarone