UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YUHE WEMBI, | ) |
| | ) |
| Plaintiff, | ) Case No. 21 C 586 |
| | ) |
| v. | ) Judge Joan H. Lefkow |
| | ) |
| GIBSON'S RESTAURANT GROUP | ) |
| MANAGEMENT COMPANY LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO THE DEFENDANTS'
MOTION TO DISMISS AND COMPEL ARBITRATION, OR IN THE
ALTERNATIVE, TO STAY THIS PROCEEDING PENDING ARBITRATION**

Yuhe Wembi ("Wembi" or "Plaintiff"), by and through his undersigned counsel, herewith responds to Gibson's Restaurant Group Management Company LLC's ("Gibsons Italia") and Stephen J. Lombardo III's ("Lombardo") (Gibsons Italia and Lombardo are collectively referred to as "Defendants") Motion to Dismiss and Compel Arbitration and Dismiss or Stay Judicial Proceedings Pending Arbitration ("Defendant's Motion"). For the reasons stated herein, Plaintiff respectfully requests that Defendant's motion be denied in its entirety.

**INTRODUCTION**

Plaintiff's Complaint ("Plaintiff's Complaint") states a claim for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* ("Title VII"). Defendant's Motion seeks to compel arbitration and either dismiss or stay the proceedings in this Court because Plaintiff allegedly signed mandatory arbitration agreement. First, Plaintiff adamantly denies ever signing the arbitration agreement, or even seeing the arbitration agreement or knowing of its existence for that matter, until he filed this lawsuit. Defendant has

1

failed to authenticate the arbitration agreement with an affidavit. Second, the Illinois legislature, unequivocally and decisively codified in the Workplace Transparency Act, effective January 1, 2020, that any arbitration agreement that is a mutual condition of continued employment is void as against public policy and unenforceable unless the agreement is: (A) in writing; (B) demonstrates actual, knowing, and bargained-for consideration from both parties; and (C) expressly acknowledges the right of the employee or prospective employee to (i) report good-faith allegations of violations of EEO laws; (ii) report good-faith allegations of criminal conduct; (iii) participate in proceedings before EEOC and/or state or federal agency enforcing EEO laws; (iv) make truthful statements required by law, regulation, or legal process; and (v) request or receive confidential legal advice. Because the arbitration agreement fails to meet all, or virtually any, of these requirements, it is void as against public policy and unenforceable.

## LEGAL STANDARD

Motions to compel arbitration are reviewed under a summary judgment standard. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). The "opposing party must demonstrate that a genuine issue of material fact warranting a trial exists." *Id.* "[T]he evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Id.*

## LEGAL ARGUMENT

**I. THERE IS NO VALID AGREEMENT TO ARBITRATE AS PLAINTIFF HAS NEVER SEEN THE ARBITRATION AGREEMENT HE ALLEGEDLY SIGNED, HE ADAMENTLY DENIES SIGNING ANY ARBITRATION AGREEMENT, AND DEFENDANT HAS FAILED TO AUTHENTICATE THE ARBITRATION AGREEMENT.**

The party seeking to compel arbitration must establish that an agreement to arbitrate exists. *See Gen. Ass'n of Regular Baptist Churches v. Scott*, 549 Fed.Appx. 531, 533 (7th Cir.2013); *see also, e.g., Conway v. Done Rite Recovery Servs., Inc.*, No. 14 C 5182, 2015 WL 1989665, at *3 (N.D.Ill. Apr. 30, 2015) (Dow, J.) (citing Fed.R.Evid. 901(a)). "The bar for

authentication of an arbitration agreement is not high. 'In determining authenticity [the Court follows] Fed.R.Evid. 901(a), which requires evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *Pearson v. United Debt Holdings, LLC*, 123 F. Supp. 3d 1070, 1073 (N.D. Ill. 2015) quoting *Smith v. City of Chicago*, 242 F.3d 737, 741 (7th Cir.2001). "Only after the proponent has introduced such evidence document does the burden shift to the opponent of the evidence to rebut the evidence of authenticity." *Id.* "The failure to properly authenticate evidence is sufficient to preclude the Court from considering it, even if the evidence would have been admissible but for the failure to authenticate." *Id.*; *see also Estate of Brown v. Thomas*, 771 F.3d 1001, 1005–6 (7th Cir.2014).

In *Pearson v. United Debt Holdings, LLC*, the Court found that it was "without sufficient evidence to find that there exists an agreement to arbitrate" where the complaint in that matter made no mention of an arbitration provision in the underlying loan agreement at issue and support for the existence of the arbitration provision was found exclusively in the document attached to the defendant's motion. 123 F. Supp. 3d at 1073. In denying the motion to compel arbitration, the Court stated, "District courts routinely consider agreements containing arbitrations provisions referred to within, but not attached to, the complaint, *but only if the proponent of arbitration properly authenticates the document containing an arbitration provision through an affidavit or otherwise*. . . . As they are unsupported by affidavits or other evidence, UDH's assertions in its brief that the document attached is the agreement into which Pearson entered are insufficient to authenticate the document. Unsworn statements by attorneys in briefs are not evidence on which the Court can rely." *Id.* at 1073-1074. (emphasis added). The Court based its ruling on the fact that the document is not physically signed, no witness affirmed that the documents were found in the defendant's business records or that they were presented to

3

the plaintiff when he took out his loan or that the document included the plaintiff's electronic signature. The Court also noted that the defendant did not make any argument that the agreement constituted any type of evidence that was self-authenticating under Rule 902 of the Federal Rules of evidence.

Admittedly, while the agreement to arbitrate attached to the defendant's motion to compel arbitration in *Pearson* was not signed, Defendant has attached an arbitration agreement to its Motion purportedly signed by Plaintiff. But that is where the distinction between *Pearson* and the case at bar ends. Defendant has failed to authenticate the arbitration agreement with any affidavit or other sworn statement and does not make any argument that the agreement was self-authenticating under FRE 902. Plaintiff, on the other hand, has provided a sworn declaration adamantly denying that he signed the arbitration agreement or that he has ever even seen the arbitration agreement or anything like it. (*See* Plf.'s Decl. at ¶¶ 3-5, Plf.'s Ex. 1).

It is also noteworthy that the first and last pages of the arbitration agreement attached to Defendant's Motion appear to be scanned images while the second, third, and fourth pages appear to be electronic PDF copies in native format (non-scanned images). Under these circumstances, one possible explanation is that Defendant had a hard copy of the entire executed agreement but only scanned the pages with handwriting on them and then used PDF editing software to combine the scanned pages with the pages from the original electronically stored PDF arbitration agreement in native format, but this would not make sense because it takes more time and effort for a business or law firm with easy access to scanners to recreate the document this way than it does to simply scan the entire executed agreement and then save it. The other explanation, which is *highly* more likely, is that Defendant only had in its possession the pages with handwriting on them and, therefore, *had to* combine the scanned pages with handwriting on

4

them with the pages from the original electronically stored PDF in native format in order to form a complete agreement. The latter situation usually arises if the signatory faxed or emailed only the pages he or she had to sign because it was too costly or inconvenient to scan or fax multiple pages. The problem is that, if Plaintiff had faxed to Defendant only the pages he signed, then there would likely be a fax header/footer at the top/bottom of each page. Similarly, if Plaintiff had scanned and emailed the pages he signed, then Defendant could easily have produced the email from Plaintiff attaching those pages. In this case, however, the first and last pages of the arbitration agreement do not have a fax header/footer and Defendant has not included any email from Plaintiff attaching those pages. This is suspicious and lends credence to Plaintiff's sworn statement that he did not sign, and has never seen, the agreement, and is additional support for the argument that this Court should not overlook Defendant's failure to authenticate the document. On these facts and the case law cited above, Defendant's Motion should be denied. *See also Estate of Brown*, 771 F.3d at 1006 (failure to authenticate potentially dispositive evidence was "a fatal procedural error").

## II. THE ARBITRATION AGREEMENT IS VOID AS A MATTER OF PUBLIC POLICY PER THE ILLINOIS WORKPLACE TRANSPARENCY ACT

The Illinois legislature has recently spoken unambiguously concerning the viability of arbitration agreements/clauses requiring arbitration of unlawful employment practices. Illinois Senate Bill 75 unanimously passed both houses of the Illinois General Assembly and was enacted as Public Act 101-0221 (P.A. 101-0221), known as the Illinois Workplace Transparency Act (820 ILCS 96/ *et seq.*, hereinafter referred to as the "Act"). The Act was signed by Illinois Governor J. B. Pritzker on August 9, 2019, and went into effect on January 1, 2020[1]. The stated

---

[1] The Act states that it "applies to contracts entered into, modified, or extended on or after the effective date of this Act". Plaintiff was an at-will employee and, therefore, each day of continued employment is an extension of the employment contract. Plaintiff continued working for Defendant until January 1, 2020, therefore his employment

purpose of the Act is as follows:

> Purpose. This State has a compelling and substantial interest in securing individuals' freedom from unlawful discrimination and harassment in the workplace. This State also recognizes the right of parties to freely contract over the terms, privileges and conditions of employment as they so choose. The purpose of this Act is to ensure that all parties to a contract for the performance of services understand and agree to the mutual promises and consideration therein, and to protect the interest of this State in ensuring all workplaces are free of unlawful discrimination and harassment.

820 ILCS 96/1-25. The Act further states:

> Conditions of employment or continued employment.
> (b) Any agreement, clause, covenant, or waiver that is a unilateral condition of employment or continued employment and requires the employee or prospective employee to waive, *arbitrate*, or otherwise diminish any existing or future claim, right, or benefit related to an unlawful employment practice to which the employee or prospective employee would otherwise be entitled under any provision of State or federal law, is against public policy, void to the extent it denies an employee or prospective employee a substantive or procedural right or remedy related to alleged unlawful employment practices, and severable from an otherwise valid and enforceable contract under this Act.
> (c) Any agreement, clause, covenant, or waiver that is a mutual condition of employment or continued employment may include provisions that would otherwise be against public policy as a unilateral condition of employment or continued employment, but only if the agreement, clause, covenant, or waiver is in writing, demonstrates actual, knowing, and bargained-for consideration from both parties, and acknowledges the right of the employee or prospective employee to:
> (1) report any good faith allegation of unlawful employment practices to any appropriate federal, State, or local government agency enforcing discrimination laws;
> (2) report any good faith allegation of criminal conduct to any appropriate federal,

---

contract, and the alleged arbitration agreement, were extended past January 1, 2020.

6

>   State, or local official;
> (3) participate in a proceeding with any appropriate federal, State, or local government agency enforcing discrimination laws;
> (4) make any truthful statements or disclosures required by law, regulation, or legal process; and
> (5) request or receive confidential legal advice.

820 ILCS 96/1-25. Thus, the Act makes clear mutual conditions of employment, such the arbitration agreement at issue in the case at bar (*see* <u>Arbitration Agreement</u> at ¶ 1, Def.'s Mem. of Law in Supp. of Mot. to Dismiss Ex. 1), are void as against public policy and unenforceable unless the they are: (A) in writing; (B) demonstrate actual, knowing, and bargained-for consideration from both parties; and (C) *expressly* acknowledge the right of the employee or prospective employee to (i) report good-faith allegations of violations of EEO laws; (ii) report good-faith allegations of criminal conduct; (iii) participate in proceedings before EEOC and/or state or federal agency enforcing EEO laws; (iv) make truthful statements required by law, regulation, or legal process; and (v) request or receive confidential legal advice. Because the arbitration agreement fails to meet all, or virtually any, of these requirements, even if Plaintiff had signed the agreement, it is void as against public policy and unenforceable.

There was no actual *knowing* consideration from both parties because Plaintiff did not know that an arbitration agreement even existed. The agreement also does not expressly acknowledge the right of the employee to report good-faith allegations of violations of EEO laws or participate in proceedings before EEOC and/or state or federal agency enforcing EEO laws. The only language in the arbitration agreement that would arguably fulfill this requirement is contained in paragraph 3 entitled "Exclusions", which states, "Notwithstanding any other provision in this Agreement, this Agreement does not apply to: . . . (b) any investigation of a Charge of Discrimination filed by Employee against the Company with the U.S. Equal

7

Employment Opportunity Commission, the Illinois Department of Human Rights, Chicago Commission on Human Relations, the Cook County Commission on Human Rights . . . ." (*See* Arbitration Agreement at ¶ 3, Def.'s Mem. of Law in Supp. of Mot. to Dismiss Ex. 1). To say that the agreement "does not apply to any investigation of charges" is a far cry from fulfilling the Act's purpose to *expressly* acknowledging lay employees of their right *to report* good-faith allegations of violations of EEO laws or *participate* in proceedings before EEOC and/or state or federal agency enforcing EEO laws. At best the language is ambiguous, at worst, the language is intentionally designed to be confusing, especially to a lay person. The arbitration agreement also clearly fails expressly acknowledge the employee's right to make truthful statements required by law, regulation, or legal process. Lastly, the arbitration agreement fails to expressly acknowledge the employee's right to request or receive confidential legal advice. Although one could arguably infer the right to legal advice from the language in paragraphs 4(c) and 5(d) allowing for recovery of attorneys' fees, this is not the kind of "expressed acknowledgment" required by the Act. (*See* Arbitration Agreement at ¶¶ 4(c) and 5(d), Def.'s Mem. of Law in Supp. of Mot. to Dismiss Ex. 1).

## **CONCLUSION**

Based upon the foregoing legal and factual arguments, Plaintiff respectfully requests that this Court deny Defendant's Motion in its entirety.

| | |
|---|---|
| Dated: November 30, 2020 | Respectfully Submitted,<br>**YUHE WEMBI** |
| Michael T. Smith<br>Attorney for Plaintiff<br>LAW OFFICES OF MICHAEL T. SMITH &<br>ASSOCIATES, PC<br>10 N. Martingale Road, Suite 400<br>Schaumburg, IL  60173<br>(847) 466-1099 | By:  /s/Michael T. Smith |

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2021, I electronically filed **Plaintiff's Response to Defendant's Motion for Partial Judgment on the Pleadings Pursuant to FRCP 12(c),** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

By:   /s/Michael T. Smith
Michael T. Smith
Attorney for Plaintiff
LAW OFFICES OF MICHAEL T. SMITH &
ASSOCIATES, PC
10 N. Martingale Road, Suite 400
Schaumburg, IL  60173
(847) 466-1099

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **YUHE WEMBI,** | ) |
| | ) |
| **Plaintiff,** | ) Case No. 21 C 586 |
| | ) |
| v. | ) Judge Joan H. Lefkow |
| | ) |
| **GIBSON'S RESTAURANT GROUP** | ) |
| **MANAGEMENT COMPANY LLC,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO THE DEFENDANTS'
MOTION TO DISMISS AND COMPEL ARBITRATION, OR IN THE
<u>ALTERNATIVE, TO STAY THIS PROCEEDING PENDING ARBITRATION</u>**

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YUHE WEMBI, | ) |
|     Plaintiff, | ) Case No. CV 586 |
| v. | ) |
| GIBSON'S RESTAURANT GROUP MANAGEMENT COMPANY LLC., GIBSON'S MANAGEMENET GROUP % STEPHEN J. LOMBARDO III, | ) Judge Joan H. Lefkow |
|     Defendant. | ) |

## DECLARATION OF YUHE WEMBI

I, YUHE WEMBI, state, declare, and certify under penalty of perjury, that the following statements are true and correct:

1. I began employment with Defendant on September 15, 2018 as a Stocker.

2. I have reviewed the arbitration agreement attached to Defendant's Motion to Dismiss as Exhibit 1 (hereinafter referred to as "Arbitration Agreement", attached hereto as Wembi Declaration Exhibit A).

3. At no time before, during, or after my employment with Defendant did any agent of Defendant ask me to sign the Arbitration Agreement, or any other arbitration agreement, nor did Defendant's agents ever provide me with a copy of the Arbitration Agreement, or any other arbitration agreement, for signature.

4. I have never seen the Arbitration Agreement, nor did I know such an agreement existed, until my attorney provided a copy to me after this lawsuit was instituted.

5. Accordingly, I adamantly deny that I signed the Arbitration Agreement or that the signature contained on page 5 of the Arbitration Agreement is mine.

I, YUHE WEMBI, state, declare, and certify under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

DATED: 02-19-2021            _____
                                                     YUHE WEMBI

1

# EXHIBIT 1

## ARBITRATION AGREEMENT

This Arbitration Agreement (Agreement) is by and between, Restaurant Holdings, LLC (Gibsons Bar & Steakhouse and Hugo's Frog Bar & Fish House); River Road Associates, LLC (Gibsons Bar & Steakhouse); Gibsons Steakhouse – Oak Brook, LLC (Gibsons Bar & Steakhouse); Hugo's Frog Bar – Naperville, LLC (Hugo's Frog Bar & Fish House); Bellrush Restaurant, LLC (LUXBAR); Italian Wine Bar – 626 N State, LLC (Quartino); 115 E Chicago Associates, Inc (RL Restaurant); GRG-US Cellular Field Management Company, LLC (ChiSox); Mont 500, LLC (The Montgomery Club), including its parents, subsidiaries, affiliates, sister companies, successors and assigns (hereinafter referred to collectively as the "Company") and _[signature]_ ("Employee"). This Agreement applies equally to disputes related to Employee's employment raised by either Employee or by Company. Please read this Agreement carefully, as it provides that virtually any dispute related to your employment must be resolved only through binding arbitration which replaces the right of the Company and the Employee to go to court, including the right to have a jury decide the Parties' claims. Also, this Agreement prohibits the Employee and the Company from filing, opting into, becoming a class member in, or recovering through a class action, collective action representative action or similar proceeding.

1. **Consideration for Agreement.** In consideration for Employee's employment by the Company and continued employment, Employee's receipt of compensation and other benefits from the Company, and the Company's agreement herein to arbitrate, Employee agrees to participate in, and be bound by, the procedures set forth in this Agreement. In consideration for the services provided to the Company by Employee, and Employee's agreement herein to arbitrate, the Company agrees to participate in, and be bound by, the procedures set forth in this Agreement.

2. **Claims Subject to Arbitration.** Except as provided herein, this Agreement applies to any legal or equitable claim, demand, or dispute between Employee (including Employee's agents, administrators, or assigns) and the Company (including its parents, affiliates, successors, assigns, agents, officers, directors, employees, and administrators) which in any way relates to or arises from:

   a. claims related to Employee's compensation with the Company brought under any federal, state or local statute, law, ordinance, regulation or order or the common law of any state, including without limitation claims relating to Employee's wages, salary increases, tips, bonuses, commissions, overtime pay, vacation pay, improper deductions, or severance pay;

   b. claims brought under any federal, state, or local statute, law, ordinance, regulation, or order, or the common law of any state, alleging that Employee was or is being subject to discrimination, retaliation, harassment, or denial of equal employment opportunity based on sex, sexual orientation, race, color, religion, national origin, disability, age, marital status, veteran status, or any other category protected by law;

   c. claims brought under any federal, state or local statute, law, ordinance, regulation, or order, or the common law of any state, relating to Employee's employee benefits or working conditions, including without limitation claims related to an paid or unpaid leaves of absence, employee benefit plans,

1

       employee health and safety, and activity protected by federal employment and/or labor laws;

    d.    claims brought under the common law of the United States or any state relating to Employee's employment with the Company, including without limitation claims alleging negligence, defamation, public policy tort, infliction of emotional distress, fraud, or misrepresentation;

    e.    civil claims that the Company may have against Employee relating to Employee's employment with the Company, including without limitation claims for theft, embezzlement, nonpayment of debts, breach of fiduciary duties, fraud, or any other legal or equitable claims.

3.    <u>Exclusions</u>.  Notwithstanding any other provision in this Agreement, this Agreement does not apply to: (a) any claim by Employee for medical and disability benefits under the Workers' Compensation Act or unemployment compensation benefits under the Unemployment Insurance Act or any state law counterpart; (b) any investigation of a Charge of Discrimination filed by Employee against the Company with the U.S. Equal Employment Opportunity Commission, the Illinois Department of Human Rights, Chicago Commission on Human Relations, the Cook County Commission on Human Rights or charges filed with the National Labor Relations Board under the National Labor Relations Act; or (c) any claim by the Company for injunctive or equitable relief, including without limitation claims related to unauthorized disclosure of confidential information, trade secrets, intellectual property, or unfair competition.

4.    <u>Applicable Law</u>.

    a.    The Federal Arbitration Act shall govern this Agreement, including any actions to compel, enforce, vacate or confirm proceedings, awards, orders of the arbitrator, or settlements under this Agreement.

    b.    This Agreement preserves, but does not broaden or add to the substantive legal rights, remedies, and defenses that would be available to Employee and the Company in a court of competent jurisdiction based on the claims asserted.  The law of the State of Illinois, and/or federal law, as applicable, shall the interpretation and enforcement of this Agreement.  The arbitrator shall have the authority to apply the applicable law and to order any remedies, legal or equitable, which a party could obtain from a court of competent jurisdiction based on the claims asserted.

    c.    The arbitrator may award a prevailing party reasonable attorneys' fees as part of the award only to the extent that the discretion, right and power to award such fees is provided under applicable law applying to the claims asserted.

    d.    A party shall be required to exhaust administrative remedies to the extent required by law before proceeding to arbitration under this Agreement.  To the extent a state or local law provides for an adjudication on the merits of

Employee's claim, such claim(s) must proceed to arbitration, even though the adjudication is before a department or agency of state or local government.

5. <u>Procedures</u>.

   a. A party that has a claim or dispute covered by this Agreement must, before invoking arbitration, discuss the claim or dispute with the other party in a good faith effort to resolve the claim or dispute. As part of the effort to resolve the claim or dispute, the parties may agree to voluntary mediation.

   b. If a dispute is not resolved through the means described in paragraph 5(a) above, the complaining party, as the sole remedy for resolution of the claim or dispute, shall deliver a written demand for arbitration to the other party within the applicable statute of limitations which governs the asserted claim. Where Employee seeks arbitration, the written demand for arbitration must be filed with the American Arbitration Association ("AAA") with a copy delivered to the Company's Director of Human Resources. A party's failure to timely file a written demand for arbitration within the applicable statute of limitations that governs the asserted claim(s) shall bar that party from pursuing that claim(s).

   c. The arbitration shall be conducted in Chicago, Illinois, unless otherwise agreed to by the Company and Employee. Except as provided herein, the arbitration shall be conducted in accordance with the National Rules for the Resolution of Employment Disputes (the "Rules") of the AAA which are then in effect. Employee may obtain a copy of the Rules from the Company upon request.

   d. The costs of arbitration, including the fees and expenses of the arbitrators, shall be shared equally by the parties unless otherwise required by law or directed by the arbitrator in his/her award. Each side to the claim or dispute shall pay its own attorneys' fees unless the arbitrator determines, in accordance with applicable law, that attorneys' fees must be apportioned in a different manner pursuant to legal authority permitting awards of attorneys' fees.

   e. The decision of the arbitrator shall be final and binding. Any party may seek to have judgment entered upon the award by any court of competent jurisdiction in accordance with the Federal Arbitration Act.

6. <u>Class Waiver</u>. Except as otherwise required under applicable law:

   a. Employee and the Company expressly intend and agree that class action, collective action and representative action procedures shall not be asserted, nor will they apply, in any arbitration pursuant to this Agreement;

3

      b.      Employee and the Company agree that each will not assert class action, collective action or representative action claims against the other in arbitration or otherwise;

      c.      each of Employee and the Company shall only submit their own, individual claims in arbitration and will not seek to represent the interests of any other person;

      d.      this Agreement prohibits the Employee and the Company from filing, joining, opting into, becoming a class member in, or recovering through a class action, collective action, representative action or similar court proceeding.

To the extent permissible by law, there will be no right or authority for any dispute to be brought, heard, or arbitrated as a class action ("Class Action Waiver"), as a collective action ("Collective Action Waiver"), or as a private attorney general action ("Private Attorney General Action Waiver"). Notwithstanding the waiver of an employee's right to bring or participate in a class, collective or other representative proceeding, employees may have a statutory right (e.g., under the National Labor Relations Act) to act concertedly on behalf of themselves and others to challenge the enforceability of this Agreement in any forum, and if an employee acts concertedly to pursue any such proceeding, the Company will not retaliate against an employee for doing so. The Company is entitled, however, to enforce this Agreement, including employee's agreement to arbitrate all claims and to forego pursuing any covered dispute on a class, collective or representative basis, and is entitled to seek dismissal of any such class, collective or representative action and otherwise assert this Agreement as a defense in any proceeding.

      7.      <u>Confidentiality</u>. All aspects of the mediation and arbitration processes, including the Employee's claims, allegations, written and oral discovery, the hearing, and the record of the proceeding, are confidential and shall not be open or disclosed to any third party or the public except to the extent both parties agree otherwise in writing, to the extent required in any subsequent proceedings between the parties, or to the extent required in response to a governmental agency or legal process.

      8.      <u>Effective Date</u>. This Agreement shall take effect as soon as Employee signs it. Any dispute asserted after that date will be subject to the procedures set forth herein. This Agreement shall continue in effect beyond the end of Employee's employment with the Company.

      9.      <u>At-Will Employment</u>. This Agreement does not in any way change the "at will" status of Employee's employment with the Company, under which either the Employee or the Company may end their employment relationship at any time with or without cause or notice.

      10.      <u>Waiver of Right To Sue</u>. **Employee and the Company expressly waive any right to resolve any dispute covered by this Agreement by filing suit in court for trial by a judge or jury.**

      11.      <u>Severability</u>. In the event that a court of competent jurisdiction deems any provision of this Agreement to be unreasonable, void or unenforceable, such provision(s) shall be deemed revised to the minimum amount necessary in order to be valid and enforceable, and if such

4

provision(s) cannot be so revised, such provision(s) shall be deemed severed from the remainder of the Agreement, which at the Company's option, shall continue in all other respects to be valid and enforceable.

12. <u>Acknowledgment.</u> The parties acknowledge that they have had an adequate opportunity to consider and review this Agreement with an attorney, that they fully understand its terms, that they were not coerced into signing it, and that they have signed it knowingly and voluntarily.

IN WITNESS WHEREOF, each of the Parties hereto, either individually or by a duly authorized representative, has signed this Agreement on the date set forth below.

**PLEASE READ CAREFULLY BEFORE SIGNING.**

_____  
Employee's Signature

_____  
Company Representative's Signature

YUHE D WEMBI  
Employee's Name Printed

Kyle Fontaine  
Company Representative's Name Printed

09-15-2018  
Date

Manager  9/15/18  
Company Representative's Title & Date Signed

5