IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YUHE WEMBI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21 C 586 |
| | ) |
| GIBSON'S RESTAURANT GROUP | ) Judge Joan H. Lefkow |
| MANAGEMENT COMPANY LLC; | ) |
| GIBSON'S MANAGEMENT GROUP % | ) |
| STEPHEN J. LOMBARDO III, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Yuhe Wembi, an employee at the restaurant Gibson's Italia in Chicago, filed an action in state court, naming "Gibson's Restaurant Group Management Company LLC and Gibson's Management Group % Stephen J. Lombardo III" as defendants and alleging race and color discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and the Illinois Human Rights Act, 775 Ill. Comp. Stat. 5/2-101 *et seq*. (Dkt. 1 at 7.)[1] Defendants, who claim that the proper defendant entity that employed Wembi was RiverPoint LLC, removed the action to federal court under 28 U.S.C. § 1441 (dkt. 1) and moved to compel arbitration of Wembi's claims under Federal Rule of Civil Procedure 12(b)(3) (dkt. 8). For the reasons below, the motion to compel arbitration is continued pending an evidentiary hearing

---

[1] The complaint contains an ambiguous reference to "Title VII-Race-Color Discrimination" in what otherwise appears to be a single-count complaint raising a claim under the Illinois Human Rights Act. (Dkt. 1 at 6–14.) But given that Wembi has not contested removal and he represented in his response to defendants' motion to compel arbitration that he did raise a federal claim (dkt. 12 at 1), the court is satisfied that there is jurisdiction under 42 U.S.C. § 2000e-5(f)(3). Venue lies under 28 U.S.C. § 1391(b)(2).

1

because there is a disputed issue of material fact as to whether a valid arbitration agreement exists.

## BACKGROUND

Defendants moved to dismiss this action and compel arbitration (dkt. 8), citing an arbitration agreement with Wembi (dkt. 11-1). Defendants claim that Wembi signed the agreement on September 15, 2018, shortly before beginning work at Gibson's Italia. (Dkt. 11 at 2.) Defendants provided a copy of an arbitration agreement, claiming that it contained Wembi's signature. (Dkt. 11-1.) It provides in part that any race and color discrimination claims under federal or state law are subject to arbitration. (*Id.* at 2.) Thus, they conclude, Wembi's claims must be submitted to arbitration, as required by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 *et seq*. (Dkt. 11 at 3–6.)

Wembi disputes that there is an arbitration agreement between himself and defendants. (Dkt. 12 at 2.) In a declaration attached to his response, Wembi made the following statements about the agreement's validity:

- no agent on behalf of defendants has ever asked him "to sign the Arbitration Agreement, or any other arbitration agreement";
- he has never been provided "with a copy of the Arbitration Agreement, or any other arbitration agreement, for signature";
- he has "never seen the Arbitration Agreement, nor did [he] know such an agreement existed, until [his] attorney provided [him] a copy"; and
- he "adamantly den[ies] that [he] signed the Arbitration Agreement or [that] the signature contained on page 5 of the Arbitration Agreement is [his]."

(Dkt. 12 at 11.)

Authenticity issues aside, Wembi also argues that the arbitration agreement is unenforceable because it is against public policy, as provided in the Illinois Workplace Transparency Act (IWTA), 820 Ill. Comp. Stat. 96/1-1 *et seq.* (*Id.* at 5–8.)

In their reply, defendants attach the declaration of Rebecca Brzeczek, the vice president of human resources at Gibson's Restaurant Group. (Dkt. 19 at 12.) According to Brzeczek, Wembi went through an in-person onboarding process with Kyle Fountaine, a manager, on September 15, 2018. (*Id.* at 12–13.) As part of that process, Wembi was required to sign an arbitration agreement. (*Id.* at 13.) She further stated that the agreement with Wembi's and Fountaine's signatures, which is the version attached to defendants' motion to compel, is authentic, and the signature was consistent with her recollection of Wembi's signature and it matched signatures on several other documents in his personnel file. (*Id.* at 13–14.)

## **ANALYSIS**

Under section 2 of the FAA, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a national policy favoring arbitration agreements and "foreclose[s] state legislative attempts to undercut the[ir] enforceability." *Southland Corp.* v. *Keating*, 465 U.S. 1, 16 (1984). Thus, arbitration agreements must be enforced by their terms, unless, under section 2's "saving clause," a "generally applicable contract defenses, such as fraud, duress, or unconscionability" applies. *AT&T Mobility LLC* v. *Concepcion*, 563 U.S. 333, 339 (2011) (quotation and citation omitted)). "When state law prohibits outright the arbitration of a particular type of claim, the . . . conflicting rule is displaced by the FAA." *Id.* at 341; *e.g.*, *Marmet Health Care Ctr., Inc.* v. *Brown*, 565 U.S. 530, 533 (2012) (state law declaring agreements to arbitrate specific claims against public policy preempted by FAA).

Here, Wembi argues that there is no valid arbitration agreement between himself and defendants and, even if there were one, the IWTA renders it unenforceable as against public policy. (Dkt. 12 at 2–8.) On his latter point, Wembi offered no argument as to how the IWTA falls under the saving clause in section 2 of the FAA. Given this, this court will not consider the

IWTA argument. But on the former point, Wembi has raised a disputed issue of material fact as to the validity of the arbitration agreement.

The evidentiary standards on a motion to compel are similar to those on summary judgment under Federal Rule of Civil Procedure 56. *See Tinder* v. *Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). The party seeking to compel arbitration must show that there is an agreement to arbitrate, while "the opposing party must identify specific evidence in the record demonstrating a material factual dispute for trial." *Id.* Relevant here, Rule 56(c)(4) allows the use of declarations as evidence, so long as they are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." Declarations must also be dated and signed by the declarant "under penalty of perjury" and verified as "true and correct." 28 U.S.C. § 1746. Moreover, this court views the evidence in the record "in the light most favorable to the non-moving party," *Wagoner* v. *Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015), drawing "all reasonable inferences and resolv[ing] factual disputes in favor of the non-moving party," *Knight* v. *Wiseman*, 590 F.3d 458, 462 (7th Cir. 2009).

Wembi states in his declaration that he never signed the arbitration agreement that defendants provided, nor knew of its existence before this action. (Dkt. 12 at 11.) These statements are rooted in his firsthand knowledge, made under threat of penalty of perjury, and he submits that they are true and correct. *See* 28 U.S.C. § 1746. Defendants complain that the declaration is self-serving and thus should be disregarded (dkt. 19 at 8), but that is not a reason to ignore it. *See Shaffer* v. *Lashbrook*, 962 F.3d 313, 317 (7th Cir. 2020) ("court was wrong to discount . . . affidavits as 'self-serving'; affidavits based on personal knowledge have evidentiary value"); *McKinney* v. *Office of Sheriff of Whitley Cty.*, 866 F.3d 803, 814 (7th Cir. 2017).

4

Wembi's declaration therefore creates a disputed issue of material fact on the issue of whether a valid agreement exists. *Cf. Muhammad* v. *Tree*, No. 18 C 04192, 2020 WL 1530750, at *4 (N.D. Ill. Mar. 31, 2020) (plaintiff's denial of ever receiving or signing arbitration agreement created issue of fact on validity of agreement). Although defendants supplied a counter declaration from the vice president of human resources to bolster the validity of the arbitration agreement (dkt. 19 at 12), that only further highlights the factual dispute.

## **CONCLUSION AND ORDER**

Defendants' motion to compel arbitration is continued pending an evidentiary hearing on the existence of an arbitration agreement. The parties are allowed until July 13, 2021, to conduct limited discovery on the existence of an agreement, including the authenticity of the agreement submitted by defendants. A status hearing is scheduled for July 20, 2021, at 11:00 a.m., at which time the court will schedule a hearing date.

Date: May 13, 2021

_____
U.S. District Judge Joan H. Lefkow